Andrea LIEBERMAN, individually and on behalf of all others similarly situated, Plaintiff–Appellant,

v.

UNITED HEALTHCARE INSURANCE CO., Defendant–Appellee.

Nos. 10–12942, 10–13222
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 4, 2011.

Douglas Blankman, David L. Ferguson, Jonathan M. Streisfeld, Kopelman & Blankman, P.A., Fort Lauderdale, FL, Julie W. Allison, Law Office of Julie W. Allison, P.A., North Miami Beach, FL, for Plaintiff–Appellant.

Jonathan D. Hacker, Charles E. Bachman, Brian D. Boyle, Scott M. Edson, David J. Sandler, O'Melveny & Myers LLP, Washington, DC, Maria Josefa Beguiristain, Raoul G. Cantero, III, Thomas Neal Mcaliley, White & Case LLP, Miami, FL, Lawrence M. Kopelman, Kopelman & Blankman, P.A., Fort Lauderdale, FL, for Defendant–Appellee.

Before TJOFLAT, CARNES, and WILSON, Circuit Judges.

PER CURIAM:

This is an ERISA case. Andrea Lieberman's complaint alleges that United Healthcare Insurance Company ("United") inappropriately denied her claim for out-of-network benefits under her employer's group health insurance plan. The district court disagreed and granted United's motion to dismiss Lieberman's complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.[1]

---

1. The court denied Lieberman's motion to alter or amend judgment, or for leave to file an amended complaint. We find no error in the court's ruling.

*See* Fed.R.Civ.P. 12(b)(6). Lieberman now appeals.

Lieberman challenges the method United used to calculate a non-network benefit for a medical procedure received by her daughter from a doctor who had not agreed to join United's provider network or to accept the discounted rates United pays network providers. Although the Plan permits Lieberman to obtain reimbursement for healthcare services she and her family receives from a nonparticipating provider, the Certificate of Coverage specifically confers on United the discretion to choose from among four specified methodologies for calculating the eligible expenses. In Lieberman's view, United improperly and arbitrarily picked a reimbursement methodology that operated to minimize its financial responsibility, and as a result, she was left financially responsible for $9,763.16 of a $10,000 service. However, we agree with the district court that the Certificate expressly affords United the discretion to calculate reimbursement based on a percentage of the relevant Medicare rate and that United had no obligation to select an alternative reimbursement methodology that would have yielded a higher reimbursement to Lieberman. As the district court correctly stated, Lieberman "is asking the Court to rewrite the Certificate and prevent [United] from exercising the discretion granted to it under the Plan."

Therefore, after carefully reviewing the briefs and the record, we find meritless Lieberman's challenge to the dismissal with prejudice of Counts I and IV of her complaint, and we dismiss as moot United's cross-claim that Lieberman failed to exhaust her administrative remedies.

**AFFIRMED AND DISMISSED.**